DONTRELL HOLLIE,

                Plaintiff,

v.                                          Case No. 24-cv-269-pp

RACINE COUNTY JAIL MEDICAL STAFF,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9)**

        Plaintiff Dontrell Hollie, who is incarcerated at Centralia Correctional Center in Centralia, Illinois and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that medical staff violated his constitutional rights when he was confined at the Racine County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and resolves his motion to appoint counsel, dkt. no. 9.

**I.**        **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 12, 2024, the court ordered that the plaintiff did not have to pay an initial partial filing fee, but advised him that he could voluntarily dismiss the case by April 2, 2024 without the risk of incurring a "strike." Dkt. No. 6. The plaintiff has not asked to dismiss the case. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff has sued Racine County Jail Medical Staff who are employed as health nurses at the jail, and "and John and Jane Doe Defendants[.]" Dkt. No. 1 at 1-2. The plaintiff alleges that on December 2, 2023, while confined at the Racine County Jail, he submitted a request about his left ear. Id. at 1, 3. The plaintiff states that he was seen "soon after only to

3

be given ear drops for ear wax with no follow up." Id. He allegedly submitted seven more requests regarding the same issue with his ear, but he was not seen. Id. The plaintiff alleges that jail medical staff neglected him from December 2, 2023 until January 12, 2024, when his equilibrium was off and he passed out because the pain in his left ear was too much. Id. That day, Ms. Meagan allegedly saw the plaintiff and told him it was a pimple. Id. at 3-4. The plaintiff alleges that the next day, he "fell out again and th[a]ts when they told [him his] left ear was affected and from that affection [he] lost hearing in [his] left ear [sic]." Id. at 4.

For relief, the plaintiff seeks compensatory and punitive damages. Id.

C. Analysis

It is not clear whether the plaintiff was in the jail as a pretrial detainee or a criminally convicted person during the events described in the complaint. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a criminally convicted incarcerated individual, his rights arise out of the Eighth Amendment. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons).

A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir.

2020) (citing Miranda, 900 F.3d at 346-47). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a

substantial risk to the individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

Construed liberally, the plaintiff's allegations that for over a month he submitted seven requests regarding his ear issue, that the defendants did not see him during that time, that he eventually passed out from the pain and that he lost hearing in his left ear implicate his constitutional rights under the Fourteenth or Eighth Amendment. The plaintiff may proceed against the unknown defendants who allegedly failed to respond to his requests from December 2, 2023 through January 12, 2024.

Because the plaintiff does not know the names of the defendants he is suing, the court will add Racine County Sheriff Christopher Schmaling as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Schmaling is not required to respond to the complaint. After Schmaling's attorney files an appearance, the plaintiff may serve discovery upon Schmaling (by mailing it to Schmaling's attorney at the address in the attorney's notice of appearance) to ask for information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Schmaling, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he has sued. The plaintiff may not

6

ask Schmaling about any other topic, and Schmaling has no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Schmaling as a defendant.

After the named defendants have had an opportunity to respond to plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the John and Jane Doe defendants within sixty days of Schmaling's attorney filing an appearance. If he does not do so, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

### III. Motion to Appoint Counsel (Dkt. No. 9)

The plaintiff has filed a motion to appoint counsel. Dkt. No. 9. He states that he has not previously been represented by a court-appointed lawyer. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too

7

many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The plaintiff has satisfied the requirement that he try to find a lawyer on his own.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong,

the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first requirement that he try to find a lawyer on his own. Even if he had, the court would not recruit counsel at this early stage of the case. At this stage, once Sheriff Schmaling appears in the case, the plaintiff needs only to identify the Doe defendants as described in this order. The plaintiff has the capability to do that on his own. Later on, if the case or the proceedings become so complicated that the plaintiff cannot represent himself, he may renew his request for the court to appoint a lawyer to represent him.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 9.

The court **DIRECTS** the clerk's office to add Racine County Sheriff Christopher Schmaling to the docket as a defendant for the limited purpose of helping the plaintiff identify the names of the Doe defendants.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Racine County Sheriff Christopher Schmaling under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Schmaling is not required to respond to the complaint, but he must respond to discovery requests served by the plaintiff seeking to identify the real names of the Doe defendants. Sheriff

Schmaling is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names within sixty days of Sheriff Schmaling's attorney filing an appearance in the case. If the plaintiff does not identify the defendants' names by that deadline, or advise the court by that deadline why he is unable to do so, the court may dismiss the case based on his failure to diligently prosecute it.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Centralia Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 30th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.