UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTRELL HOLLIE,

                Plaintiff,

v.                                                  Case No. 24-cv-269-pp

RACINE COUNTY JAIL MEDICAL STAFF, *et al.*,

                Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 21)

      Plaintiff Dontrell Hollie, who is incarcerated at Centralia Correctional Center in Centralia, Illinois, and is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Racine County Jail. The court screened the complaint and allowed the plaintiff to proceed on a medical care claim under the Eighth or Fourteenth Amendment based on allegations that the defendants did not treat his painful ear condition for over a month. Dkt. No. 11 at 6. Because the plaintiff does not know the names of the defendants he is suing, the court added Racine County Sheriff Christopher Schmaling as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. Id. On October 8, 2024, the court ordered that the plaintiff must identify the Doe defendants within sixty days of resending Notice of Appearance to the plaintiff, or by December 10, 2024. Dkt. No. 19 at 4. On November 18, 2024, the plaintiff filed a motion to appoint counsel. Dkt. No. 21.

      In support of his motion to appoint counsel, the plaintiff requests that the court consider his physical limitations and that he is deaf in one ear. Id. at

1

1. He states that he has written numerous lawyers but not received any reply. Id. The plaintiff asserts that he does not know how to gather evidence to prepare motions and respond to the defendants. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2)

2

their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

While the plaintiff states that he wrote to numerous lawyers with no reply, he does provide the names and contact information of the lawyers he contacted. In the court's order denying the plaintiff's first motion to appoint counsel, it advised him of this requirement. Dkt. No. 11 at 8. The plaintiff has not shown that he made a reasonable attempt to find a lawyer. Even if he had, the court still believes that the plaintiff is capable of proceeding on his own at this time. As the court previously explained, all the plaintiff needs to do at this

3

stage is identify the Doe defendants. The plaintiff simply has to write to the attorney for Sheriff Schmaling and ask him for the names of the Doe defendants as described in the complaint. The plaintiff has the capability to do that. Later, if the case becomes too complicated and the plaintiff believes he cannot represent himself, he may renew his request for the court to appoint him a lawyer.

The court will extend by thirty days the plaintiff's current deadline to identify the Doe defendants.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 21.

The court **ORDERS** that the deadline for the plaintiff to identify the Doe defendants is **EXTENDED** until the end of the day on January 10, 2025. If the plaintiff does not identify the defendants' names, or advise the court why he is unable to do so, by that deadline, the court may dismiss the case based on his failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 5th day of December, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**